## FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,

v.

## Charles W. KLAYER, et al., Defendants.

### Civ. A. No. 78–79.

United States District Court,
E. D. Kentucky,
Covington Division.

Aug. 13, 1981.

Samuel Manly, James T. Carey, Louisville, Ky., for plaintiff.

Charles W. Klayer, pro se.

Ben L. Kessinger, Jr., Lexington, Ky., for N.C.R. Corporation.

Charles E. Carter, Owenton, Ky., for William H. Lillard.

Connie Buckman Klayer and ASI Retirement Trust, pro se.

John Allen Taylor, pro se.

Raymond A. Karem, Louisville, Ky., for Ray H. Hayes.

Edwin A. Schroering, Jr., Louisville, Ky., for Lee Lanter.

---

Christy A. Beasey, pro se.

William F. Threlkeld, Williamstown, Ky., for Virginia Sill, Exec. of the Estate of Doris V. Clark.

## MEMORANDUM OPINION

BERTELSMAN, District Judge.

This matter is before the court on the motion to remand this removed action to the Circuit Court of Grant County, Kentucky. In ruling on the motion, the court is presented with an unusual fact situation.

The Federal Deposit Insurance Corporation (F.D.I.C.) brought this action in its capacities as an agency of the United States of America and as Receiver of Mt. Zion Deposit Bank. The bank was a state bank insured by the F.D.I.C. On June 25, 1976, by decree of the Circuit Court of Grant County, Kentucky, in an action brought by the Kentucky Department of Banking and Securities, the bank was declared insolvent with F.D.I.C. as its receiver. The F.D.I.C., after closing the bank, paid the bank's depositors the full amount of their deposit accounts, thereby becoming subrogated to the rights of the depositors.

On November 10, 1976, F.D.I.C. commenced this action in Grant Circuit Court seeking monetary and injunctive relief. The complaint in this action charges the defendants, including Charles Klayer—who prior to his removal of June 16, 1976 was Chairman of the Board, President, and Cashier of Mt. Zion Deposit Bank—with a variety of acts of wrongdoing in their management of bank affairs, including: misapplication of bank assets, making false entries in bank books, and fraud and conspiracy to defraud the bank. Subsequently defendant Klayer filed his answer in the state court. With the answer he filed a document captioned "Notice—Motion—Order." In his "Notice—Motion—Order," Klayer

sought leave to file a document tendered therewith styled "Counterclaim—Cross-Claim." The tendered pleading asserted a counterclaim against F.D.I.C. and sought to add retained counsel for the F.D.I.C., Samuel Manly, as a party to the action and to plead a cross-claim against him.[1] All three documents were served on F.D.I.C. and Manly. However, the Counterclaim—Cross-Claim was never ordered filed by the state court nor was Manly ordered added as a party.

On September 7, 1978, F.D.I.C. and Manly filed in this court their petition for removal.[2] Thereafter defendants filed a motion to remand to the state court.

Since petitioners claim the right to remove both the Counterclaim—Cross-Claim and the main action as separate and independent claims, the removability of the two claims must be considered separately.

### The Counterclaim—Cross-Claim

■ The issue of the removability of the Counterclaim—Cross-Claim is easily resolved. The simple fact of the matter is that at the time the removal petition was filed there was no proceeding in the state court which was capable of being removed. F.D.I.C. readily admits that the state court has not entered an order permitting the tendered Counterclaim—Cross-Claim to be filed. Counsel for F.D.I.C. confuses the fact that the Counterclaim—Cross-Claim is in the record in the state court attached to a motion to permit its "filing," with its being "filed" for the purposes of commencing a proceeding that can be removed to this court.

Counsel for F.D.I.C. cites cases in which time limits for removal have been held to run when a party received actual notice of a proceeding without having been served

---

1. The pleading primarily alleges that the corporation and Samuel Manly, in his capacity as counsel for the corporation, conspired to defraud the bank. It is further alleged that the F.D.I.C. and Manly brought the original action maliciously and without probable cause, for the personal enjoyment of Manly.

2. The F.D.I.C. Bases jurisdiction on 12 U.S.C. § 1819 (Fourth). Manly bases jurisdiction on 28 U.S.C. § 1331(a) and 28 U.S.C. § 1442(a)(1).

with summons.[3] The principles of these cases are clearly correct, but they are not on point. The statute providing for removability of actions by the F.D.I.C.[4] contemplates a pending proceeding in state court. This statute in turn permits the F.D.I.C. to use the procedures established in the general removal statute, 28 U.S.C. § 1446, but this statute also contemplates a pending proceeding in the state court, as does 28 U.S.C. § 1442 concerning removal by agents of the United States,[5] on which defendant Manly relies.

The Counterclaim—Cross-Claim was not pending in the state court. The posture of the matter in the state court is that the Counterclaim—Cross-Claim sought to add two additional parties to the action. Leave of court to do so was sought by the motion with which the pleading was tendered.

At the time the petition for removal was filed, the F.D.I.C. was resisting the filing of the Counterclaim—Cross-Claim in the state court, and there is no assurance that the state court would have permitted it to be filed and process to issue thereon. There-

fore, there was no "action, suit, or proceeding" in the state court by reason of the Counterclaim—Cross-Claim that was capable of being removed to this court.

F.D.I.C. argues that, under state procedure, the counterclaim sought to be asserted by Klayer in the state court against F.D.I.C. could have been appended to Klayer's answer. Ky.C.R. 13.01, 13.02. This is true, but the fact is that Klayer did not append it to his answer, but tendered it to the court with a motion to file it. Having been presented to the state court in such a manner and in a posture that additional parties were necessary for disposition of the counterclaim, a further order of the state court was required before the "filing" of the counterclaim. Therefore, the fact that the counterclaim could have been attached to the answer is of no benefit to F.D.I.C. in this situation.

The removal jurisdiction of this court is entirely derivative.[6] Even if the Counterclaim—Cross-Claim had been filed in the state court, there is some doubt whether the state court would have had jurisdiction, at

---

3. Cf. *Raymond's Inc. v. New Amsterdam Casualty Co.*, 159 F.Supp. 212 (D.Mass.1956); *French v. Banco Nacional de Cuba*, 192 F.Supp. 579 (S.D.N.Y.1961).

4. 12 U.S.C. § 1819 reads:
Powers of Corporation.
"Upon the date of enactment of the Banking Act of 1933 [enacted June 16, 1933], the Corporation shall become a body corporate and as such shall have power—
    *   *   *   *   *   *
"Fourth. To sue and be sued, complain and defend, in any court of law or equity, State or Federal. All suits of a civil nature at common law or in equity to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; *and the corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district or division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect*, except that any such suit to which the Corporation is a party in its capacity as receiver of a State bank and which involves only the rights or obligations of depositors, creditors, stockholders, and such State bank

under State law shall not be deemed to arise under the laws of the United States. No attachment or execution shall be issued against the Corporation or its property before final judgment in any suit, action, or proceeding in any State, county, municipal, or United States court. The Board of Directors shall designate an agent upon whom service of process may be made in any State, Territory, or jurisdiction in which any insured bank is located." (Emphasis added).

5. 28 U.S.C. § 1442 reads:
"(a) A civil action or criminal prosecution *commenced in a State court* against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place *wherein it is pending*:
"(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue." (Emphasis added).

6. *Bancohio Corporation v. Fox*, 516 F.2d 29, 31 (6th Cir. 1975).

least over F.D.I.C., because the matters stated therein seem to assert a tort claim against F.D.I.C., under the Federal Tort Claims Act, of which the state court would have no jurisdiction.[7]

### The Original Claim

■ F.D.I.C. argues, even though it brought the original action in the state court as a plaintiff, that it can still remove under 12 U.S.C. § 1819.[8]

It is true that the provisions of the general removal statute to the effect that only defendants may remove cases from the state court are not applicable to F.D.I.C., and it may remove a case, even though it is in the position of a plaintiff in the state court. This principle usually comes into play in situations where the action has already been commenced in the state court and F.D.I.C. later enters the action as a plaintiff, steps into the shoes of the plaintiff upon being named a receiver, or is originally named as a defendant but is later realigned as a plaintiff.

We have not been cited to nor found any case in which the F.D.I.C. originally filed suit as a plaintiff and then because of some subsequent development decided to remove the case from the state court to the federal court.[9]

Assuming without deciding that the F.D.I.C. would have a right to remove in such a situation, it would, however, still have to observe the 30-day time limit set forth in the general removal statute 28 U.S.C. § 1446 to which the particular statute provided for removals by the F.D.I.C. makes reference.[10]

When, then, would the time for removal by F.D.I.C. start to run in the situation existing in the state court here, that is, where it filed the original action in the

state court and then determined to remove it to the federal court? The exact language of the statute setting the time limit[11] speaks of "the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief" as the triggering event which begins the running of the time limit against the removing party. Obviously, this language does not fit the unusual situation existing in this case. This court believes that the principles set forth in *International Equity Corporation v. Pepper and Tanner, Inc.,*[12] guide us to a correct resolution of this matter.

It was there stated:

"Regrettably, the Federal statute cannot be so drafted and phrased as to precisely fit the situation existing in each state and by the same token the State statutes and rules cannot be so drafted and phrased as to precisely fit the Federal statute. However, from a reading of § 1446(b), in its entirety, it becomes evident that it was the intent of Congress to obtain the earliest possible removal of the action to the Federal Court after *receipt*, by the defendant, of notice of the State proceeding, the nature of it, the issues involved and the parties involved so that, with this information, the defendant can determine the removability of the action. Given the opportunity to thus determine that it is removable, the defendant is then obliged to file his petition for removal within thirty days."

Although the court in *International Equity* was speaking of the typical situation wherein a defendant removes, the principles it states should also apply to the situation where the F.D.I.C., as plaintiff, is seeking to remove. Applying these principles, it may be seen that the 30-day time limit

7. *F.S.L.I.C. v. Quinn,* 419 F.2d 1014 (7th Cir. 1969).

8. Quoted note 4, *supra.*

9. *Federal Savings & Loan Insurance Corp. v. Quinn,* 419 F.2d 1014 (7th Cir. 1969), cited by F.D.I.C., is no authority for the right of the agency to remove in such a situation, because

in that case only the counterclaim was sought to be removed.

10. *F.D.I.C. v. Otero,* 598 F.2d 627 (1st Cir. 1979).

11. 28 U.S.C. § 1446(b).

12. 323 F.Supp. 1105, 1109 (E.D.Pa.1971).

prescribed by 28 U.S.C. § 1446(b), began to run at such time as the removing party, here the plaintiff F.D.I.C., had actual notice of the state proceeding, the nature of it, the issues involved and the parties involved. In the present situation the F.D.I.C., as removing party, had actual notice of all this information at the time it, as plaintiff, filed the action in the state court. This court therefore holds that, if the action was removable, the time limit for removal began to run at that point. This time limit had long since expired at the time the petition for removal was filed.

## CONCLUSION

Therefore, since the Counterclaim—Cross-Claim was not in a posture in the state court that it could have been removed, and the original claim, as stated in the complaint, if it could have been removed at all, was not removed within the applicable time limit, this entire action must be remanded to the state court.

An appropriate order has been entered concurrently herewith.