William and Gladdean CASTLEBERRY, et al., Plaintiffs,

v.

GOLDOME CREDIT CORPORATION, et al., Defendants.

Civil Action No. 96–T–1798–N.

United States District Court, M.D. Alabama, Northern Division.

July 2, 1997.

---

George C. Douglas, Jr., Birmingham, AL, John K. Johnson, Rockford, AL, Michael J. Evans, Birmingham, AL, B. Clark Carpenter, Jr., Wooten, Thornton, Carpenter, O'Brien, Lazenby & Lawrence, Talladega, AL, William E. Hollingsworth, III, Wood, Hollingsworth & Willis, Talladega, AL, for William Castleberry, Gladdean Castleberry.

Frank S. Teel, Teel & Teel, P.C., Rockford, AL, Thomas E. Walker, Anne P. Wheeler, Robert S. Vance, Jr., Johnston, Barton, Proctor & Powell, Birmingham, AL, for Goldome Credit Corp.

Frank S. Teel, Teel & Teel, P.C., Rockford, AL, Robert A. Huffaker, Rushton, Stakely, Johnston & Garrett, Montgomery, AL, Thomas E. Walker, Anne P. Wheeler, Johnston, Barton, Proctor & Powell, Birmingham, AL, William H. Hardie, Johnstone, Adams, Bailey, Gordon & Harris, Mobile, AL, for Daiwa Finance Corp.

Frank S. Teel, Teel & Teel, P.C., Rockford, AL, Thomas E. Walker, Anne P. Wheeler, Johnston, Barton, Proctor & Powell, Birmingham, AL, for Daiwa Mortg. Acceptance Corp.

Thomas E. Walker, Anne P. Wheeler, Johnston, Barton, Proctor & Powell, Birmingham, AL, Helen Johnson Alford, Carr, Alford, Clausen & McDonald, LLC, Mobile, AL, R. Scott Clark, Fitzpatrick, Cooper & Clark, Birmingham, AL, for Daiwa America Corp., State Street Bank and Trust Co.

Frank S. Teel, Teel & Teel, P.C., Rockford, AL, Thomas E. Walker, Anne P. Wheeler, Johnston, Barton, Proctor & Powell, Birmingham, AL, R. Scott Clark, Fitz-

patrick, Cooper & Clark, Birmingham, AL, for Daiwa Securities America Inc.

Caine O'Rear, III, Lisa Tinsley O'Hara, Hand Arendall, L.L.C., Mobile, AL, Donald W. Lang, Sylacauga, AL, for Ryland Mortgage Co.

Douglas P. Corretti, Mary Douglas Hawkins, Corretti & Newsom, Birmingham, AL, for Advanta Mortg. Corp. U.S.A.

John J. Graubard, East Hartford, CT, for F.D.I.C.

## ORDER

MYRON H. THOMPSON, Chief Judge.

This lawsuit, in which plaintiffs William and Gladdean Castleberry charge several defendants with fraud in connection with the financing of their residential mortgage, was removed from state to federal court by two cross-claim defendants, Federal Deposit Insurance Corporation–Corporate (FDIC–Corporate) and Federal Deposit Insurance Corporation–Receiver (FDIC–Receiver). This lawsuit is now before the court on the Castleberrys' motion to remand the case back to state court. For the reasons that follow, the motion will be denied.

## I. FACTUAL BACKGROUND

The relevant events, from a chronological standpoint, are as follows:

*May 31, 1991:* The New York Superintendent of Banks took possession of the property and business of Goldome Federal Savings Bank (Goldome Federal) and appointed the FDIC as receiver for the bank.

*January 17, 1995:* The Castleberrys filed this lawsuit in state court charging defendant Goldome Credit Corporation (Goldome Credit), a secondary subsidiary of Goldome Federal, with fraud in connection with mortgage loans.[1]

*April 19, 1995:* The Castleberrys amended their complaint to add Daiwa Finance Corporation (Daiwa Finance) and others as defendants.

*July 1995:* Daiwa Finance filed its answer.

*December 2, 1996:* Daiwa Finance filed a "cross-claim" against Goldome Credit and joined the FDIC as a defendant in both its corporate and receiver capacities, that is, it named both the FDIC–Corporate and the FDIC–Receiver as defendants. According to Daiwa Finance, it purchased the Castleberrys' note and residential real estate mortgage as part of a portfolio sold in connection with the 1993 liquidation of Goldome Federal. Daiwa Finance charges that, under agreements it entered into that year with the two FDIC entities, they must indemnify it for liability arising out of the creation of the debt included in the portfolio.

*December 9, 1996:* The FDIC–Corporate removed this lawsuit to federal court.[2]

*January 15, 1997:* The FDIC–Receiver joined in the removal.

## II. DISCUSSION

The Castleberrys raise six arguments in support of their motion to remand: (1) Daiwa Finance's cross-claim is a nullity under the Alabama Rules of Civil Procedure; (2) the state law exception to FDIC removal requires the remand of this case; (3) the FDIC–Receiver did not timely file for removal; (4) the FDIC is gaining an improper second removal opportunity based on Daiwa Finance's cross-claim against it in its corporate capacity; (5) the FDIC entities' removal notices are defective, under 28 U.S.C.A. § 1447(c), for the preceding four reasons; and (6) 28 U.S.C.A. § 1359 requires remand for the preceding five reasons. The court will address these arguments in its discussion of the following four questions: First, when did the FDIC enter this lawsuit? Second, is Daiwa Finance's cross-claim a nullity? Third, does the state law exception to FDIC removal apply in this case? And fourth, is remand required by § 1447(c) and § 1359?

---

1. Goldome Credit is a wholly-owned subsidiary of Goldome Secondary Markets, Inc., which is in turn a wholly-owned subsidiary of Goldome Federal.

2. The conclusion of the notice of removal indicated that the FDIC–Receiver also joined the removal; however, counsel for the FDIC–Receiver did not sign the notice of removal.

## A. When Did the FDIC Enter this Lawsuit?

■ The FDIC "may ... remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90–day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party." 12 U.S.C.A. § 1819(b)(2)(B).[3] The Castleberrys argue that the FDIC–Corporate and the FDIC–Receiver's removal in December 1996 and January 1997 was not timely because, at the time the Castleberrys filed this lawsuit in state court, in January 1995, the FDIC–Receiver had been appointed as receiver for Goldome Federal. This argument is based on the following suppositions:

● The "FDIC–Receiver was deemed a party from the inception of the case, even though not formally named and even though it did not formally intervene." [4] As a result, the 90–day time for removal began to run in January 1995.

● Because the FDIC–Corporate and the FDIC–Receiver have only one joint opportunity for removal under § 1819, that joint opportunity arose in January 1995, and it is immaterial that the FDIC–Corporate was not joined as a party until December 1996.

● The time for removal for both FDIC entities therefore expired in April 1995, 90 days after the January 1995 filing of this lawsuit in state court.

● Thus, the FDIC–Corporate and the FDIC–Receiver's removal in December 1996 and January 1997 was not timely.

The court disagrees with this argument.

In support of their argument, the Castleberrys rely on *Lazuka v. F.D.I.C.*, 931 F.2d 1530 (11th Cir.1991). There, the Eleventh Circuit Court of Appeals wrote that, "when a plaintiff sues against an insured depository and the FDIC is subsequently appointed receiver, the [removal period] begins to run upon [the FDIC's] receipt of notice that it has been appointed receiver." *Id.* at 1537. However, the Castleberrys overlook two significant events that have occurred since entry of the *Lazuka* decision in 1991: first, an amendment to § 1819, and second, a subsequent decision from the Eleventh Circuit addressing the effect of the amendment. In a subsequent' opinion, *F.D.I.C. v. S & I 85–1, Ltd.*, 22 F.3d 1070 (11th Cir.1994), the Circuit Court recognized that the amendment to § 1819(b)(2)(B) "abrogates" the quoted por-

---

**3.** 12 U.S.C.A. § 1819(b)(1) & (2) provides:

"(1) Status
The Corporation, in any capacity, shall be an agency of the United States for purposes of section 1345 of Title 28, without regard to whether the Corporation commenced the action.
(2) Federal court jurisdiction
(A) In general
Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States.
(B) Removal
Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90–day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.
(C) Appeal of remand
The Corporation may appeal any order of remand entered by any United States district court.

(D) State actions
Except as provided in subparagraph (E), any action—
(i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;
(ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and
(iii) in which only the interpretation of the law of such State is necessary,
shall not be deemed to arise under the laws of the United States.
(E) Rule of construction
Subparagraph (D) shall not be construed as limiting the right of the Corporation to invoke the jurisdiction of any United States district court in any action described in such subparagraph if the institution of which the Corporation has been appointed receiver could have invoked the jurisdiction of such court."

**4.** Castleberrys' motion to remand, filed on January 8, 1996, at 17.

tion of *Lazuka* and "establishes the beginning date for the running of the ninety-day [removal] period—the date an action, suit, or proceeding is filed against FDIC or the date the FDIC is substituted as a party, as opposed to the date FDIC is appointed receiver." 22 F.3d at 1074.

First, the *S & I 85–1* court recognized that the *Lazuka* opinion was based on a 1989 version of the § 1891(b)(2)(B), which read as follows: "Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court." The court then recognized that following new language has been added to subsection (b)(2)(B) of § 1891: " ... before the end of the 90–day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party." The *S & I 85–1* court explained:

"Prior to Congress' insertion of the second clause into § 1819, this court held that 'the general removal time limit of thirty days remains applicable to the FDIC. ... [and] that the date on which the limit begins to run, in cases in which the FDIC is appointed receiver ... is the date of the FDIC's receipt of notice of its appointment as receiver.' *Lazuka,* 931 F.2d at 1532. The second clause of § 1819 departs from *Lazuka* in two respects. First, it establishes a removal time period of ninety days—a clear departure from the thirty-day period of the general removal statute applied to FDIC in *Lazuka.* Second, it establishes the beginning date for the running of the ninety-day period—the date an action, suit, or proceeding is filed against FDIC or the date FDIC is substituted as a party, as opposed to the date FDIC is appointed receiver. Thus, the second clause in § 1819(b)(2)(B) establishes special removal procedures for FDIC and abrogates *Lazuka* to the extent it conflicts with those removal procedures. The second clause does not serve as a substantive limit on FDIC's power, as enumerated in clause one of § 1819(b)(2)(B), to 'remove any action, suit, or proceeding.' To the contrary, the second clause simply establishes the date any 'action, suit, or proceeding is filed against' FDIC as an alternative date for the beginning of the ninety-day removal period."

*Id.* at 1073–74. In other words, "the second clause expands, rather than contracts, FDIC's special removal powers." *Id.* at 1073. The FDIC is therefore afforded two alternative opportunities to seek removal.

Contrary to the Castleberrys' assertions, therefore, the FDIC-Corporate and the FDIC–Receiver's right of removal did not arise until an "action, suit, or proceeding [was] filed against" them—that is, when Daiwa Finance filed its cross-claim—in this litigation in December 1996. And because the FDIC entities' subsequent removal in December 1996 and January 1997 fell within the required 90–day time period, removal was timely.

Moreover, Goldome Credit and Goldome Federal are separate corporate entities. In the state court complaint, the Castleberrys name Goldome Credit as a defendant, not the parent corporation Goldome Federal. Consequently, even under the abrogated language in *Lazuka,* the FDIC, as receiver of only the parent corporation, was not a party to the state lawsuit back in January 1995, and thus the 90–day time period did not start running back then.

The FDIC–Corporate and the FDIC–Receiver also take issue with the Castleberrys' contention that they do not have independent removal rights. The FDIC entities contend that they have separate and independent rights of removal. Therefore, according to them, assuming the time for removal began for FDIC–Receiver back in January 1995, the time for the FDIC–Corporate did not begin until December 1996. *Contrast Dalton v. F.D.I.C.,* 987 F.2d 1216, 1222 (5th Cir.1993) (holding that FDIC does not have dual rights of removal); *with Bullion Serv., Inc. v. Valley State Bank,* 50 F.3d 705, 709 (9th Cir. 1995) (holding that FDIC–Corporate and FDIC–Receiver have independent removal rights and recognizing disagreement with Fifth Circuit). Because, even under the conservative approach—that the FDIC–Corporate and the FDIC–Receiver do not have separate and independent removal rights—

the court would still find that the removal was timely, the court need not resolve this issue. For the reasons given above, the right of removal for both the FDIC–Corporate and the FDIC–Receiver did not arise until December 1996, when they were both added as parties.

### B. Is Daiwa Finance's Cross–Claim a Nullity?

The Castleberrys also argue that this lawsuit should be remanded because Daiwa Finance failed to obtain leave from the state court before filing the cross-claim and, thus, the cross-claim against the FDIC–Corporate and the FDIC–Receiver, the basis of the removal, is a nullity. The court does not agree.

The Castleberrys' argument is essentially as follows:

● Because Daiwa Finance sought to add the FDIC–Corporate and the FDIC–Receiver before removal to federal court, state court rules of civil procedure govern the propriety of Daiwa Finance's actions.

● Because Daiwa Finance's claim for indemnification is against not only the FDIC entities but against Goldome Credit, a co-defendant, as well, the claim is properly classified as a cross-claim under Rule 13(g) of the Alabama Rules of Civil Procedure.[5] Indeed, subsection (h) of Rule 13 provides for the joinder of additional parties in a cross-claim.[6]

● However, a cross-claim is not a pleading that can stand alone; it must be part of an answer. Rule 7(a) of the Alabama Rules of Civil Procedure identifies the following pleadings: "There shall be a complaint and answer; a reply to a counterclaim denom-

inated as such; [and] an answer to a cross-claim, *if the answer contains a cross-claim*. ... No other pleadings shall be allowed." (Emphasis added); *see also* Ala. R.Civ.P. 8(a) (indicating that a cross-claim is contained within a pleading). A cross-claim is not among the items listed in Rule 7(a) as a pleading. *Cf. In re Cessna Dist. Antitrust Litig.*, 532 F.2d 64, 67 n. 7 (8th Cir.1976) (Under Federal Rules of Civil Procedure, a cross-claim "is not itself a pleading" and thus it "must be stated in a pleading").

● Daiwa Finance's December 1996 cross-claim, because it cannot stand alone, must therefore be viewed as an effort to amend Daiwa Finance's earlier answer filed in July 1995. Under Rule (15)(a) of the Alabama Rules of Civil Procedure, however, Daiwa Finance was required to obtain leave of court before attempting to amend its answer. The rule provides:

> "Unless a court has ordered otherwise, a party may amend a pleading without leave of court, but subject to disallowance on the court's own motion or a motion to strike of an adverse party, at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires. Thereafter a party may amend a pleading only by leave of court, and leave shall be given only upon a showing of good cause."

Here, prior to removal, because the state court set this case for trial on October 7, 1996, Daiwa Finance could not amend its earlier filed answer without leave of the court.[7]

---

5. Rule 13(g) provides:

   "A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such crossclaim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."

   Ala.R.Civ.P. 13(g). According to the plain language of the rule, therefore, "a cross-claim is a complaint asserted by one co-party against an-

other." Jerome A. Hoffman and Sandra C. Gun, *Alabama Civil Procedure* § 5.59 (1990).

6. Rule 13(h) provides:

   "Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20."

   Ala.R.Civ.P. 13(h).

7. In *In re Cessna Dist. Antitrust Litig.* the Eighth Circuit Court of Appeals reached a similar conclusion regarding the need for seeking leave of court for the filing of a cross-claim separate from an answer. The court wrote:

● Therefore, because Daiwa Finance failed to obtain leave of the state court, its cross-claim against the FDIC entities is a nullity. However, whether Daiwa Finance failed to comply with the Alabama Rules of Civil Procedure is a matter this court need not reach in resolving whether the FDIC entities' removal was proper, for assuming that Daiwa Finance did fail to comply, removal was still proper.

■ "Federal law determines whether the elements of removal jurisdiction have been satisfied." 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3721 at 192. The Supreme Court has made clear, with regard to the general removal statutes, 28 U.S.C.A. §§ 1441–1452, that, "It is a question of the construction of the federal statute on removal, and not the state statute. The latter's procedural provisions cannot control the privilege or removal granted by the federal statute." *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580, 74 S.Ct. 290, 294, 98 L.Ed. 317 (1954). Similarly, one noted commentator has stated with regard to these statutes: "Technicalities of state law ... are ignored, just as state law generally is disregarded, when removal is considered. This approach is both practically desirable and perfectly consistent with the purposes and language of the federal removal statute." 14A Charles A. Wright, et al. Federal Practice and Procedure § 3732 at 516 (discussing removal under the general removal statute, 28 U.S.C.A. § 1446) (footnote omitted). These observations are equally applicable to § 1819(b)(2)(B).

■ Here, there is no question that Daiwa Finance "filed" a cross-claim against the FDIC–Corporate and the FDIC–Receiver.

No one disputes this fact. With this filing the FDIC entities became parties, right or wrong, to the state litigation.[8] At that point, whether the FDIC–Corporate and the FDIC–Receiver had been properly added as defendants was matter for this court to address. It became a matter that the FDIC entities were entitled, under the removal provisions in the § 1819, to have heard in federal court, not state court. FDIC removal is not contingent upon a state court's determination of the validity of the cross-claim, and the FDIC need not wait for such a determination before it removes the lawsuit. If the FDIC entities have not been properly added as defendants, then this court will dismiss them, and this cause will then be subject to remand back to state court. That Daiwa Finance may have improperly added the FDIC–Corporate and the FDIC–Receiver as defendants cannot defeat the latter entities' right to removal. In other words, Daiwa Finance may not defeat another party's right of removal and to have all issues regarding its status heard in federal court.

The "filing" of a cross-claim against the FDIC entities was, therefore, sufficient by itself to trigger the FDIC entities' right of removal and to have all matters regarding their status in this litigation heard in federal court. *See F.D.I.C. v. S & I 85–1, Ltd.*, 22 F.3d at 1074 ("We hold that the counterclaims filed by the Defendants constituted an 'action, suit, or proceeding' within the meaning of the statute. We therefore conclude that the filing of those counterclaims triggered FDIC's removal rights."). It is now up to this court to determine, as a matter separate from this order, whether the FDIC entities have been properly joined on the cross-claim.[9]

"The District Court's conclusion that leave of court was required to file the cross-claim was correct. Appellants could assert the cross-claim only in their answer. The answer could be amended without leave only within twenty days of service. Fed.R.Civ.P. 15(a). The twenty day period had long since expired. Thus, leave of court was necessary."
532 F.2d at 67 (footnote omitted).

8. Rule (5)(e) of the Alabama Rules of Civil Procedure provides:
"The filing of papers with the court as required by these rules shall be made by filing them

with the clerk of the court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk. The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules."

9. The Castleberrys' reliance on *F.D.I.C. v. Klayer*, 519 F.Supp. 889 (E.D.Ky.1981), is misplaced. There, the district court held that, because a state court had not yet granted the motion to file a

### C. Does the State–Law Exception to FDIC Removal Apply in this Case?

The Castleberrys further argue that the state-law exception to FDIC removal, 12 U.S.C.A. § 1819(b)(2)(D), requires the remand of this case.[10] The court disagrees.

The state-law exception prevents the FDIC from removing a lawsuit to federal court if three conditions are satisfied: (1) the FDIC, in its capacity of a state-appointed receiver, is a party other than a plaintiff; (2) the action "involves only the pre-closing rights against the state-charted institution, or obligations owing to depositors, creditors, or stockholders by that institution"; and (3) only the interpretation of the law of "such State" is necessary. 12 U.S.C.A. § 1819(b)(2)(D).

■ The first condition reflects the FDIC's dual existence. "Congress created the FDIC to promote stability and restore and maintain confidence in the nation's banking system." *Bullion Services, Inc.*, 50 F.3d at 708 (internal quotations omitted). "To achieve these goals Congress created two distinct entities with two entirely different purposes." *Id.* The FDIC–Corporate's "primary responsibility is to insure bank deposits and to pay depositors when an insured bank fails. ... Consequently, it administers the federal deposit insurance fund, a pool of assets used to guarantee the safety of federally insured deposits." *Id.* The FDIC–Receiver, on the other hand, "act[s] as a receiver for an insolvent state bank ... possess[ing] all the rights, powers, and privileges granted by State law to a receiver of a State bank." *Id.* (internal quotations omitted). "The assets it administers in this wholly different capacity are limited to the funds making up the failed bank's estate. Thus, under federal law, the FDIC is empowered to act in two entirely

separate and distinct capacities in proceedings involving an insured state bank." *Id.* (internal quotations omitted). The state-law exception's first condition, therefore, reflects a Congressional intent to limit the application of the exception to those instances in which the FDIC is sued as a receiver. The condition is not satisfied here because the FDIC is a party not only in its capacity as a receiver but also in its capacity as a corporation. In other words, here, the FDIC–Corporate is entitled to have the cross-claim against it heard in federal court.

■ The second condition is not satisfied for three reasons. First, Daiwa Finance charges in its cross-claim that, under agreements entered into 1993, the two FDIC entities must indemnify it for liability arising out of the creation of the debt included in the Castleberrys' portfolio. Thus, the cross-claim against the FDIC entities arose in 1993, long after Goldome Federal was placed in receivership and liquidation of its assets initiated and, accordingly, implicates post-closing, not pre-closing, rights. Second, the matter at issue in the cross-claim involves the FDIC entities, Goldome Credit, and Daiwa Finance. The cross-claim is not "against the State insured depository institution"— that is, Goldome Federal—as required by § 1819(b)(2)(D)(ii). And third, no one contends that the cross-claim involves obligations owing to depositors, creditors, or stockholders by Goldome Federal.

Because the first and second conditions for the state-law exception are not satisfied, the court need not examine the third condition.

### D. Is Remand Required by § 1359 and § 1447(c)?

Finally, the Castleberrys point to 28 U.S.C.A. § 1359 and 28 U.S.C.A. § 1447(c). Section 1359 provides as follows:

cross-claim and counterclaim, the defendants to the cross-claim and counterclaim were not entitled to removal under § 1819(b)(2)(B). The court explained:

"Counterclaim Cross–Claim sought to add two additional parties to the action. Leave of court to do so was sought by the *motion* with which the pleading was tendered.

. . .

Having been presented to the state court in such a manner and in a posture that additional

parties were necessary to disposition of the counterclaim, a further order of the state court was required before the 'filing' of the counterclaim."

519 F.Supp. at 891 (emphasis added). Here, by contrast, Daiwa Finance actually "filed" a cross-claim against the FDIC entities. Rightly or wrongly, the FDIC entities were then added as defendants. It is now up to this federal court to decide whether they have been properly added.

10. *See supra* note 3.

"A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."

And § 1447(c) provides in part as follows:

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Relying on these two statutes, the Castleberrys reassert the above contentions that removal was improper. The court has already addressed these contentions and, for the reasons previously stated, concludes that the FDIC entities' notices of removal were timely and not defective. Nor is there any credible evidence that the FDIC entities were fraudulently or collusively joined in Daiwa Finance's cross-claim so as invoke removal jurisdiction.

## III. CONCLUSION

The court again emphasizes that it has not reached the issues of whether, in fact, the FDIC entities have been properly joined, and whether, if they have not, this case is due to be remanded. The court has held only that, upon being added as cross-claim defendants, they were entitled to removal to this court, with this court to determine their status in this litigation. The court will address these other issues as a separate matter.

Accordingly, it is ORDERED that the motion to remand, filed by plaintiffs William and Gladdean Castleberry on January 8, 1997, is denied.