**William CASTLEBERRY, et al., Plaintiffs,**

v.

**GOLDOME CREDIT CORPORATION, et al., Defendants.**

**No. CIV.A. 96–T–1798–N.**

United States District Court, M.D. Alabama, Northern Division.

Sept. 3, 1997.

---

George C. Douglas, Jr., Birmingham, AL, John K. Johnson, Rockford, AL, Michael J. Evans, Birmingham, AL, B. Clark Carpenter, Jr., Wooten, Thornton, Carpenter, O'Brien, Lazenby & Lawrence, Talladega, AL, William E. Hollingsworth, III, Wood, Hollingsworth & Willis, Talladega, AL, for William Castleberry and Gladdean Castleberry.

Frank S. Teel, Teel & Teel, P.C., Rockford, AL, Thomas E. Walker, Anne P. Wheeler, Robert S. Vance, Jr., Johnston, Barton, Proctor & Powell, Birmingham, AL, for Goldome Credit Corp.

Frank S. Teel, Teel & Teel, P.C., Rockford, AL, Robert A. Huffaker, Rushton, Stakely, Johnston & Garrett, Montgomery, AL, Thomas E. Walker, Anne P. Wheeler, Johnston, Barton, Proctor & Powell, Birmingham, AL, William H. Hardie, Johnstone, Adams, Bailey, Gordon & Harris, Mobile, AL, for Daiwa Finance Corp.

Frank S. Teel, Teel & Teel, P.C., Rockford, AL, Thomas E. Walker, Anne P. Wheeler, Johnston, Barton, Proctor & Powell, Birmingham, AL, for Daiwa Mortg. Acceptance Corp.

Thomas E. Walker, Anne P. Wheeler, Johnston, Barton, Proctor & Powell, Birmingham, AL, Helen Johnson Alford, Carr, Alford, Clausen & McDonald, LLC, Mobile, AL, R. Scott Clark, Fitzpatrick, Cooper & Clark, Birmingham, AL, for Daiwa America Corp.

Frank S. Teel, Teel & Teel, P.C., Rockford, AL, Thomas E. Walker, Anne P. Wheeler, Johnston, Barton, Proctor & Powell, Birmingham, AL, R. Scott Clark, Fitzpatrick, Cooper & Clark, Birmingham, AL, for Daiwa Securities America Inc.

Caine O'Rear, III, Lisa Tinsley O'Hara, Hand Arendall, L.L.C., Mobile, AL, Donald W. Lang, Sylacauga, Al, for Ryland Mortg. Co.

Thomas E. Walker, Anne P. Wheeler, Johnston, Barton, Proctor & Powell, Birmingham, AL, Helen Johnson Alford, Carr, Alford, Clausen & McDonald, LLC, Mobile, AL, R. Scott Clark, Fitzpatrick, Cooper & Clark, Birmingham, AL, for State Street Bank and Trust Co.

Douglas P. Corretti, Mary Douglas Hawkins, Corretti & Newsom, Birmingham, AL, for Advanta Mortg. Corp. USA.

John J. Graubard, East Hartford, CT, for F.D.I.C.

## ORDER

MYRON H. THOMPSON, Chief Judge.

This lawsuit is now before the court on plaintiffs William and Gladdean Castleberry's

motion to sever the cross-claim against defendants FDIC–Corporate and FDIC–Receiver and remand the "main" portion of the lawsuit, which does not involve the cross-claim, back to state court.

## I. FACTUAL BACKGROUND

The relevant events from a chronological standpoint are as follows:

*January 17, 1995:* The Castleberrys filed this lawsuit in state court charging defendant Goldome Credit Corporation (Goldome Credit), a secondary subsidiary of Goldome Federal, with fraud in connection with mortgage loans.[1]

*April 19, 1995:* The Castleberrys amended their complaint to add Daiwa Finance Corporation (Daiwa Finance) and others as defendants.

*July 1995:* Daiwa Finance filed its answer.

*December 2, 1996:* Daiwa Finance filed a "cross-claim" against Goldome Credit and joined the FDIC as a defendant in both its corporate and receiver capacities, that is, it named both the FDIC–Corporate and the FDIC–Receiver as defendants. According to Daiwa Finance, it purchased the Castleberrys' note and residential real estate mortgage as part of a portfolio sold in connection with the 1993 liquidation of Goldome Federal. Daiwa Finance charges that, under agreements it entered into that year with the two FDIC entities, they must indemnify it for liability arising out of the creation of the debt included in the portfolio.

*December 9, 1996:* Relying on the "cross-claim," the FDIC–Corporate removed this lawsuit to federal court pursuant to 12

U.S.C.A. § 1819(b)(2).[2] Section 1819 provides in part that,

"(a) In general

Upon June 16, 1933, the Corporation shall become a body corporate and as such shall have power—

.    .    .    .    .

Fourth. To sue and be sued, and complain and defend, by and through its own attorneys, in any court of law or equity, State or Federal.

.    .    .    .    .

(b) Agency Authority

(1) Status

The Corporation, in any capacity, shall be an agency of the United States for purposes of section 1345 of Title 28, without regard to whether the Corporation commenced the action.

(2) Federal court jurisdiction

(A) In general

Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the [FDIC] Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States.

(B) Removal

Except as provided in subparagraph (D), the [FDIC] Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90–day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party." [3]

---

1. Goldome Credit is a wholly-owned subsidiary of Goldome Secondary Markets, Inc., which is in turn a wholly-owned subsidiary of Goldome Federal.

2. The conclusion of the notice of removal indicated that the FDIC–Receiver also joined the removal; however, counsel for the FDIC–Receiver did not sign the notice of removal.

3. Subparagraphs (D) and (E) further provide that,

"(D) State actions

Except as provided in subparagraph (E), any action—

(i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;

(ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and

(iii) in which only the interpretation of the law of such State is necessary,

shall not be deemed to arise under the laws of the United States.

(E) Rule of construction

*January 8, 1996:* The Castleberrys challenged the removal by filing a motion to remand the lawsuit to state court. The Castleberrys argued, among other things, that Daiwa Finance's cross-claim was a nullity because it was filed without leave of the court.

*January 15, 1997:* The FDIC–Receiver joined in the removal.

*July 2, 1997:* This court denied the Castleberrys' motion to remand, *Castleberry v. Goldome Credit Corp.,* 969 F.Supp. 705 (M.D.Ala.1997), and ordered the parties to show cause as to why Daiwa Finance's cross-claim should not be treated as a motion for leave to amend its answer and, if so, as to why the motion should not be granted.

*July 15, 1997:* The Castleberrys moved to sever Daiwa Finance's cross-claim and remand the "main" case to state court.

*August 25, 1997:* Based on the responses received to the July 2 show-cause order, this court ordered that Daiwa Finance's cross-claim should be treated as a motion for leave to amend its answer with the cross-claim and granted the motion.

## II. DISCUSSION

Relying on 28 U.S.C.A. § 1441(c), the Castleberrys argue that this court should sever Daiwa Finance's cross-claim and remand the "main case" back to state court. Section 1441(c) provides that, "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."

At least two arguments are advanced in opposition to severance and remand:

● First, § 1441(c) applies only to cases removed pursuant to 28 U.S.C.A. § 1331. Because this case was removed pursuant 12

U.S.C.A. § 1819(b)(2), § 1441(c) is not applicable.

● Second, § 1819(b)(2) provides that "all suits of a civil nature at common law or in equity to which the [FDIC] Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States." Thus, because the entire suit, including each and every claim therein, is deemed to "arise under the laws of the United States," there are no non-removable claims subject to remand under § 1441(c). *See Buchner v. FDIC,* 981 F.2d 816, 819 (5th Cir.1993) (§ 1441(c) is not applicable to a removal based on § 1819(b)(2), because, when "the FDIC is a party to [a] ... suit, all of the component claims are conclusively deemed to have arisen under federal law.").

There are, however, at least two counter arguments:

● First, in *Lazuka v. FDIC,* 931 F.2d 1530, 1536 (11th Cir.1991), the Eleventh Circuit Court of Appeals held that "the FDIC is subject to the general removal statute." *See also F.D.I.C. v. S & I 85–1, Ltd.,* 22 F.3d 1070, 1072 (11th Cir.1994) ("FDIC is subject to the limits of the general removal statute, except as otherwise provided in 12 U.S.C. § 1819(b)(2)(B)."). The court reasoned that, with § 1819, Congress did not intend to "create a wholly new removal scheme." 931 F.2d at 1536.

● Second, the Eleventh Circuit interpreted § 1819(c) as only "a jurisdictional statute which serves to overcome the general rule requiring the appearance of a question of federal law in one of the well-pleaded state claims." *Lazuka,* 931 F.2d at 1534. The appellate court reasoned that,

"In *Mesa v. California,* 489 U.S. 121, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989), the Supreme Court determined that [the statute allowing federal officers to remove cases, 28 U.S.C.A. § 1442(a),] was enacted to overcome the "well-pleaded complaint" rule, so that federal officers who have been sued in state court could remove cases to

Subparagraph (D) shall not be construed as limiting the right of the Corporation to invoke the jurisdiction of any United States district court in any action described in such subpara-

graph if the institution of which the Corporation has been appointed receiver could have invoked the jurisdiction of such court."

federal court by asserting a 'defense' that raises a federal question. The *[Mesa]* Court reasoned that the statute, a removal provision similar to [§ 1819], granted district court jurisdiction over cases in which a federal officer is a defendant. [489 U.S. at 136, 109 S.Ct. at 968.] Noting that such statutes could not independently support Article III 'arising under' jurisdiction, the Court recognized that 'the raising of a federal question in the officer's removal petition ... constitute[s] the federal law under which the action against the federal officer arises for Art. III purposes.' *Id.* Accordingly, under section 1442(a), a defendant may remove a case, notwithstanding the well-pleaded complaint rule, by raising a federal question as an element of its defense."

*Id.* at 1534. The appellate court then concluded that § 1819 "operate[s] in the same fashion as the statute in *Mesa.* That is, the FDIC as a defendant may allege Article III 'arising under' jurisdiction as a *defense*, notwithstanding the 'well-pleaded complaint' rule." *Id.* at 1535 (emphasis added).[4] Therefore, if it is only the FDIC's defense that "arises under," then it could be reasonably argued that those claims *un*related to that defense are subject to remand pursuant to § 1441(c).

The court need not, however, resolve this issue, for, assuming that § 1441(c)'s general remand provision applies to § 1819, the court still concludes that severance and remand are not warranted. Remand under § 1441(c), if allowable under the statute, is still discretionary. 28 U.S.C.A. § 1441(c) ("the district court may determine all issues therein, or, in its *discretion*, may remand all matters in which State law predominates") (emphasis added). If Daiwa Finance is liable to the Castleberrys in the "main case," then the FDIC entities could be

liable as well. The FDIC entities, therefore, correctly argue that they have an interest in the "main case" and should be present in the "main case" to protect their interest.

Accordingly, it is ORDERED that the motion to sever and remand, filed on July 15, 1997, by plaintiffs William and Gladdean Castleberry, is denied.

---

4. However, it could be argued that § 1819 is controlled, not by *Mesa*, but rather by *American National Red Cross v. S.G.*, 505 U.S. 247, 248, 112 S.Ct. 2465, 2467, 120 L.Ed.2d 201 (1992), where the Supreme Court held that the charter of the American National Red Cross, authorizing it " 'to sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States.' 33 Stat. 600, as amended, 36 U.S.C. § 2, ... confers original jurisdiction

on federal courts over all cases to which the Red Cross is a party, with the consequence that the organization is thereby authorized to remove from state to federal court any state-law action it is defending." In addition to the "deemed arising under" language, § 1819(a) further provides that the FDIC has the power "To sue and be sued, and complain and defend, by and through its own attorneys, in any court of law or equity, State or Federal."